IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **FREDERICK L. WEBSTER,** </br> No. 08600-025, </br> </br> Petitioner, </br> </br> vs. </br> </br> **UNITED STATES of AMERICA,** </br> </br> Respondent. | Case No. 11-cv-0778-MJR |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

This matter is before the Court on the motion of Frederick L. Webster ("Petitioner") to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255.

Petitioner was charged with two counts of distributing cocaine base and two counts of possessing with intent to distribute cocaine base, all in violation of 21 U.S.C. § 841(a)(1). On September 10, 2010, Petitioner pleaded guilty to Counts 1-3 of the superseding indictment, and on April 15, 2011, he pleaded guilty to Count 4. *See United States of America v. Webster,* Case No. 10-CR-30042-MJR.

On April 22, 2011, the undersigned Judge sentenced Petitioner to concurrent 180-month terms of imprisonment on each of four charges, five years supervised release, a total fine of $500, and a total special assessment of $400. Judgment was entered April 22, 2011. Consistent with his written waiver, Petitioner did not directly appeal his conviction or sentence. Rather, on August 18, 2011, pursuant to 18 U.S.C. § 3582(c), Webster filed a motion for retroactive application of the amended Sentencing Guidelines for crack cocaine offenses. The

pg. 1

Court (as well as Petitioner's appointed counsel and the Probation Office) concluded that the changes to the Guidelines did not alter Petitioner's offense level and the resulting sentencing range, so Webster's motion for reduction was denied December 15, 2011. A subsequent motion for reconsideration and/or reduction of sentence was denied as successive. On August 20, 2012, Petitioner filed a "motion for reconsideration," seeking a reduction n sentence based on the Supreme Court's recent decision in *Dorsey v. United States*, __U.S।__, 132 S.Ct. 232 (2012).[1] That motion is pending.

Petitioner raises two grounds for relief in the Section 2255 motion. He claims, first, that his plea agreement, including his waiver of appeal and post-conviction rights, was the product of ineffective assistance of counsel and, second, that as a result he was not sentenced under the Fair Sentencing Act provisions, which should have been applied.

As a preliminary matter, the Seventh Circuit has held that "a waiver of a right to appeal contained within a guilty plea is enforceable," provided the waiver is knowing and voluntary. *United States v. Feichtinger*, 105 F.3d 1188, 1190 (7th Cir.), *cert. denied*, 520 U.S. 1281 (1997); *United States v. Schmidt*, 47 F.3d 188, 190 (7th Cir. 1995). *See also United States v. Wenger*, 58 F.3d 280, 281 (7th Cir.), *cert. denied*, 516 U.S. 936 (1995). Similarly, the Seventh Circuit has found that a waiver of Section 2255 relief in a plea agreement is also enforceable, and should be treated no differently than the waiver of a direct appeal. *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999). Indeed, the Seventh Circuit has specifically stated that both statutory and constitutional rights can be waived in a plea agreement. *Id.* at 1144; *United States v. Woolley*, 123 F.3d 627, 631-32 (7th Cir. 1997); *Feichtinger*, 105 F.3d at 1190. *See also*

---

[1] *Dorsey* dictates that defendants who committed crimes before August 3, 2010, the effective date of the 2010 Fair Sentencing Act (124 Stat. 2372), but who were not sentenced until after that date, should be sentenced using the new, more lenient Guidelines provisions.

pg. 2

*United States v. Woods*, 581 F.3d 531, 534 (7th Cir. 2009); *United States v. Emerson*, 349 F.3d 986, 988 (7th Cir. 2003).

However, a valid appellate waiver, though binding in other respects, does not preclude judicial review of a criminal defendant's assertion that the plea agreement *itself* was the product of ineffective assistance of counsel.  *U.S. v. Jemison*, 237 F.3d 911, 916 (7th Cir. 2001) (discussing *United States v. Joiner*, 183 F.3d 635, 645 (7th Cir. 1999)).  In the case at bar, Petitioner argues that counsel's inadequate performance and misinformation led him to plead guilty, making the waiver of review inapplicable in this limited scenario.  Without commenting on the merits of that argument, the Court concludes that the petition survives preliminary review under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, meriting a response from the Government.

Without opinion as to the merits of this Section 2255 petition or the *Dorsey*/Section 3582 motion in Webster's criminal case, the Court recognizes that the interplay between those two mechanisms is less than clear.  Therefore, the Court hereby **APPOINTS** the Federal Public Defender for the Southern District of Illinois to represent Webster in both this civil action and *United States of America  v. Webster,* Case No. 10-CR-30042-MJR. (A separate order of appointment will be entered in the criminal case.)

The Court further **ORDERS** the United States of America ("the Government") to file a response to Petitioner's Section 2255 motion by **September 28, 2012**.  The Government shall, as part of its response, attach all relevant portions of the record.  Petitioner may file a reply, no longer than five pages, on or before **October 19, 2012**.  (A similar briefing schedule will be

entered in the criminal case.

**IT IS SO ORDERED.**

**DATED: August 23, 2012**

<u>s/ *Michael J. Reagan*</u>
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**
